# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JERRY W. HILL, | CASE NO. 2:09-cv-00392 |
| | JUDGE HOLSCHUH |
| Petitioner, | MAGISTRATE JUDGE KEMP |
| v. | |
| WARDEN, NORTH CENTRAL CORRECTIONAL INSTITUTION, | |
| Warden. | |

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Respondent's motion to dismiss this action for failure to state a claim for relief, Doc. No. 4, is **DENIED,** as moot.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On December 4, 2006, the Grand Jury for Knox County issued an indictment charging appellant with one count of gross sexual imposition, two counts of sexual battery, and one count of intimidation, in connection with an ongoing sexual relationship between appellant and his minor stepdaughter.
>
> On January 5, 2007, appellant pleaded guilty to each of those charges. The trial court deferred sentencing and ordered a pre-

sentence investigation report be prepared.

The trial court sentenced appellant to a three-year prison term for the gross sexual imposition offense, a three-year prison term for each of the sexual battery offenses, and a six-month prison term for the intimidation offense. (Sentencing T., Feb. 23, 2007 at 5). The court ordered that the prison terms be served consecutively. ( *Id.;* February 26, 2007 Sentencing Entry). The trial court further found appellant to be a Sexually Oriented Offender pursuant to R.C. 2950.04.

Appellant has timely appealed raising the following assignment of error:

"I. THE TRIAL COURT ERRED WHEN IT SENTENCED MR. HILL TO SERVE NON-MINIMUM AND CONSECUTIVE PRISON TERMS, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION".

*State v. Hill*, 2007 WL 4441421 (Ohio App. 5th Dist. December 19, 2007). Petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

1. A trial court errs when it retrospectively applies a revised sentencing statute to events occurring before the revision, to the disadvantage of a defendant. The resulting sentence denies a defendant due process of law, and violates the ex post facto doctrine. Fourteenth Amendment, Article I, Section X, United States Constitution.

2. Trial counsel provides ineffective assistance of counsel by failing to object to the imposition of an unconstitutional sentence.

*Exhibit 9 to Return of Writ*. On June 4, 2008, the Ohio Supreme Court dismissed petitioner's appeal. *State v. Hill*, 118 Ohio St.3d 1433 (2008).

On May 18, 2009, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. A trial court errs when it retrospectively applies a revised sentencing statute to events occurring before the revision, to the disadvantage of a defendant. The resulting sentence denies a defendant due process of law, and violates the ex post facto doctrine. Fourteenth Amendment, Article I, Section X, United States Constitution.
>
> 2. Trial counsel provides ineffective assistance of counsel by failing to object to the imposition of an unconstitutional sentence.

*See* Doc. No. 8. It is the position of the respondent that petitioner's claims are procedurally defaulted and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims

to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim one, petitioner asserts that his sentence violated due process and the Ex Post Facto Clause. Petitioner properly raised this claim on direct appeal; however, the state appellate court rejected his claim as follows:

4

Appellant argues Ohio's sentencing scheme remains unconstitutional, and, further, the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, is unconstitutional as its application interferes with appellant's due process rights under the United States and Ohio Constitutions. We disagree.

In *State v. Foster,* 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470 the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. *Id.* at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct.2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Essentially, this portion of the *Foster* opinion is in line with Justice Stevens' opinion in *Booker, i.e.* judicial fact-finding violates the Sixth Amendment "jury trial."

However, the Ohio Supreme Court in *Foster* found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. *Id.* at paragraphs 2 and 4 of the syllabus. Thus, this portion of the *Foster* opinion is similar to the remedial provision of Justice Breyer's opinion in *Booker.*

Appellant seeks the benefit of Justice Stevens' opinion-which, standing alone, would require the facts supporting his sentence to be admitted or proved beyond a reasonable doubt-without the burden of remedial severance interpretation of the *Foster* opinion-which instead resolves the Sixth Amendment problem by removing R.C. 2929.14(B) in its entirety. *State v. Paynter,* 5th

5

Dist. No. CT2006-0034, 2006-Ohio-5542 at ¶ 27-28.

Appellant essentially seeks the benefit of a state of law that never existed; he wants "a sentence that comports with the Sixth Amendment requirements of *Booker [and Foster],* but wants to avoid the possibility of a higher sentence under the remedial holdings of *Booker [and Foster]." United States v. Jamison* (7th Cir.2005), 416 F.3d 538, 539; see also *United States v. Dupas* (9th Cir.2005), 419 F.3d 916,920; *United States v. Farris* (7th Cir.2006), 448 F.3d 965, 969.

We begin our analysis of appellant's assignment of error by noting that this Court cannot declare a decision by a superior court to be unconstitutional. Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. See, *State, ex rel. Potain v. Mathews* (1979), 59 Ohio St.3d 29, 32, 391 N.E.2d 343, 345; OH. Const. art. IV, sec. 5; R.C. 2501.02. An inferior court has no jurisdictional basis to review the actions and decisions of superior courts.

Additionally, appellant was sentenced over one (1) year *after* the decision in *Foster* was announced. Accordingly, he had no stake in R.C. 2929.14(B), R.C. 2929.14(E)(4), R.C. 2929.19(B)(2)(a) and R.C. 2929.41(A). It is beyond contention that those statutes did not exist at the time of appellant's sentencing.

Moreover, when sentencing occurred after *Blakely v.. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, failure to object at trial to a sentence that violates *Blakely* forfeits the issue on appeal. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642. The same rationale would apply to a sentencing hearing that occurred after the decision in *Foster* was announced. As appellant did not raise his constitutional challenge with the trial court, which he could have, appellant has forfeited the issue on appeal.

> Finally, this Court exhaustively addressed the same issue in *State v. Paynter,* Muskingum App.No. CT2006-0034, 2006-Ohio-5542 and *State v. Firouzmandi,* 5th Dist. No.2006-CA-41, 2006-Ohio-5823.
>
> Based upon our holdings in *Paynter* and *Firouzmandi,* we find the sentence imposed in the case sub judice did not violate appellant's rights under the due process clauses of the United States Constitution and/or Ohio Constitution.
>
> Appellant's sole assignment of error is overruled.

*State v. Hill, supra*, 2007 WL 4441421.

Respondent contends that petitioner's claim is waived because the state appellate court conducted a plain error review, noting that petitioner had forfeited his claim by failing to raise the issue at sentencing. The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir.2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith*, 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee*, 2006 WL 328155 *12 (S.D.Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a

7

> procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw*, 484 F.Supp.2d 753, 771 (N.D. Ohio 2007). Although the state appellate court alternatively dismissed petitioner's claim on the merits, such alternative ruling does not forgive the waiver or otherwise revive the claim for purposes of habeas corpus review. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted); *Kenney v. Haviland*, No. 1:04 CV 2194, 2006 WL 2792171, at *6 n. 8 (N.D. Ohio Sep.26, 2006) ("The mere existence of the clear statement rule confirms that an alternative holding on the merits cannot save a claim where the court clearly and expressly enforces a state procedural bar").

Further, petitioner's claim has been repeatedly rejected by state and federal courts. As noted by the United States District Court for the Southern District of Ohio, Western Division, in *Dickens v. Brunsman*, 2009 WL 3199066 (S.D. Ohio September 29, 2009),

> Petitioner's claim that the retroactive application of the *Foster* remedy to correct constitutional infirmities in Ohio's sentencing statutes constitutes a violation of the Constitution's Ex Post Facto and Due Process Clauses has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See, e.g., Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D.Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein); *see also Wright v. Warden,* Pickaway Corr. Inst.,

--- F.Supp.2d ----, No. 1:07cv1022, 2009 WL 1850170, at *1, *23-25 (S.D. Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman*, --- F.Supp.2d ----, No. 1:08cv71, 2009 WL 1617774, at *5-6, *17-18 (S.D. Ohio June 9, 2009) (Spiegel, J.; Hogan, M.J.) (to be published); *Smith v. Brunsman*, --- F.Supp.2d ----, No. 1:07cv878, 2009 WL 530113, at *1, *4-8 (S.D.Ohio Feb. 27, 2009) (Barrett, J.; Black, M.J.) (to be published) (noting that "both the federal district courts and Ohio courts have rejected ex post facto challenges to the Foster decision").FN8

FN8. *See also Rettig v. Jefferys*, 557 F.Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject [ing] ex post facto challenges to the *Foster* decision"); Smith v. Welch, No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D.Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman*, No. 1:08cv2522, 2009 WL 2143746 (N.D.Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); Mason v. Brunsman, No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D.Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe*, No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D.Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper*, No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D.Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson*, No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D.Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman*, No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D.Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe*, No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D.Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden*, Noble Corr. Inst ., No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D.Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected ex post facto challenges to the *Foster* decision"); *Collins v. Warden*, Chillicothe Corr. Inst., No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D.Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original

sentence violated *Blakely*, his new sentence [under the *Booker* remedy adopted in *Foster* ] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

*Id.* This Court agrees with the reasoning of those courts.

> Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender."
>
> *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting Calder v. Bull, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); see also U.S. Constit. Art. I, § 10. As petitioner apparently concedes ( see Doc. 14, p. 11), Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D.Ohio Feb.1, 2008) (unpublished); see also Rogers, 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").
>
> Nevertheless, the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351, 352, 354-55, 84 S.Ct. 1697,

> 12 L.Ed.2d 894 (1964)); *see also United States v. Barton*, 455 F.3d 649, 654 (6th Cir.) ("when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), cert. denied, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).
>
> Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner ... and petitioner was aware of the potential penalties he faced ... [B]oth before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

*Hooks v. Sheets*, 2008 WL 4533693 (S.D.Ohio October 3, 2008); *see also Trewartha v. Brunsman,* 2009 WL 614963 (S.D. Ohio March 5, 2009); *Smith v. Wilson*, 2008 WL 4758696 (N.D.Ohio October 29, 2008) (same). The same reasoning in the foregoing decisions rejecting ex post facto challenges to application of *Foster* applies here. Therefore, petitioner's claim lacks merit. He faced the same penalty ranges in sentences for his convictions prior to Foster, and after *Foster*. The trial court's imposition of non-minimum consecutive terms after *Foster* did not violate the Ex Post Facto or Due Process Clause.

As cause for his procedural default, and in claim two of this federal habeas corpus petition, petitioner asserts the ineffective assistance of trial counsel. *See Traverse; Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(the ineffective assistance of counsel may constitute cause for a procedural default). For the reasons discussed above, petitioner cannot establish that he was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984). Further, petitioner waived his claim of ineffective assistance of trial counsel by failing to

raise this claim on direct appeal. He may now no longer present such claim to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981)*; State v. Perry,* 10 Ohio St.2d 175 (1967).

This Court must decide whether the procedural bars applied to petitioner's claims in the state courts constitute adequate and independent bases upon which to foreclose review by this Court of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith,* 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals and the requirement that all available claims be asserted at the first opportunity to do so serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.* The United States Court of Appeals for the Sixth Circuit has consistently affirmed that Ohio's doctrine of *res judicata* is an adequate ground for denying federal habeas relief. *Hartman v. Bagley*, 492 F.3d 347, 357-58 (6th Cir.2007); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir.2006); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). Further, petitioner has failed to establish cause for this procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333. Petitioner has failed to meet this standard here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Respondent's motion to dismiss, Doc. No. 4, is **DENIED**, as moot.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse

decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge